# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN
****

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 2019-79 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAI JAMES, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO WITHDRAW AS COUNSEL

**COMES NOW** the undersigned and respectfully moves pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and the ABA Model Rules of Professional Conduct Rule 1.7 for an order allowing the undersigned counsel to withdraw as counsel for Defendant Paul Girard in this matter for the following reasons:

1. The undersigned was retained by Defendant Kai James in December 2019. At time the undersigned was retained, the case was sealed and the undersigned was not certain as to the number of co-defendants nor had the undersigned received a copy of the Indictment.

2. The undersigned was contacted by AUSA Delia Smith who informed the undersigned that the undersigned may have the same conflict with a material witness as the undersigned had in the case entitled *United States v. Girard, et al.,* Case No. 2019-CR-0030.

3. Unfortunately, the material witness is a former client, and a close relative to the undersigned's minor children and girlfriend.

Case: 3:19-cr-00079-MAK-RM   Document #: 38   Filed: 01/14/20   Page 2 of 4

Motion to Withdraw as Counsel
USA v. Kai James
Crim. No. 19-79
Page 2 of 4

4. The undersigned believes there may be a conflict of interest with regard to Mr. James and the material witness who the undersigned do not which to name in this document, although the undersigned has already discussed the matter with the prosecution and disclosed the name of the material witness.

## Analysis

The standard for determining whether to disqualify counsel in the Third Circuit is clear and well-established. Three important rights must be carefully balanced in determining whether counsel should be withdrawn in a criminal case. First, the Sixth Amendment guarantees the right to effective assistance of counsel for criminal defendants; included within this protection is the right to representation that is free of conflicts of interest. *See United States v. Moscony*, 927 F.2d 742, 748 (3d Cir. 1991); *United States v. Gambino*, 864 F.2d 1064, 1069 (3d Cir. 1988), cert. denied 492 U.S. 906 (1989).

Conflict free representation is necessary so that counsel for a defendant fully take up his client's case in an adversarial manner without reservation. *See Moscony,* 927 F.2d at 748. The Third Circuit has held that "an actual conflict may arise out of personal interest with counsel that were 'inconsistent, diverse, or otherwise discordant with those of his client." *Melendez v. Carroll*, 2006 U.S. Dist. LEXIS 282, *10-11 (D.Del. Jan. 5, 2006) *quoting Government of the Virgin Islands v. Zepp*, 748 F.2d 125, 135 (3d Cir. 1984).

In addition to the rights provided by the Sixth Amendment, a Court must balance the importance of preserving both the public impression and the *de facto* ethical integrity of the Court and the legal profession in considering a motion to withdraw as counsel.

Case: 3:19-cr-00079-MAK-RM   Document #: 38   Filed: 01/14/20   Page 3 of 4

Motion to Withdraw as Counsel
USA v. Kai James
Crim. No. 19-79
Page 3 of 4

"Thus, to protect the critically important candor that must exist between client and attorney, and to engender respect for the Court in general, the trial court may enforce the ethical rules governing the legal profession with respect both to client-attorney communications and to conflict-free representation . . . regardless of any purported waiver." *United States v. Cooley*, 243 F. Supp. 2d. 329 (W.D. Pa. January 16, 2003).

A defendant's rights to conflict-free representation and representation of his choice are at times in tension. Rule 1.7 of the ABA Rules of Professional Conduct provides that

> [a] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be material limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Mr. James' right to conflict-free representation stems from the Sixth Amendment of the United States Constitution. "Loyalty is an essential element in the lawyer's relationship to a client." Rules of Professional Conduct 1.7.Hence, ethic rules prohibit any conflicts which could diminish or dilute a lawyer's loyalty and zeal in representing a client. A lawyer cannot represent a client if the representation will be directly adverse to the interest of another client or to the lawyer's personal interest. The right to conflict-free representation does not require the accused to show actual prejudice to the adequacy of representation to be entitled to relief in multiple representation situations. *Cuyler v. Sullivan*, 446 U.S. 335*, on remand*, 631 F.2d 14 (3d Cir. 1980), *on remand* 530 F.Supp. 1236 (E.D. Pa. 1982*) aff'd*, 723 F.2d (3d Cir. 1983). To represent Mr. James under these circumstances, even if the Defendant waives his rights, would violate provisions of the

Case: 3:19-cr-00079-MAK-RM   Document #: 38   Filed: 01/14/20   Page 4 of 4

Motion to Withdraw as Counsel
USA v. Kai James
Crim. No. 19-79
Page 4 of 4

ABA Rules of Professional Conduct that protects the rights of clients and his Six Amendment right to conflict-free counsel.

**WHEREFORE**, for the reasons herein stated, the undersigned respectfully requests he be allowed to withdraw from representing Defendant Kai James in this particular matter.

Respectfully submitted,

**Law Office of Martial A. Webster, Sr.**
Attorney for Defendant

**Dated**: <u>January 14, 2020</u>     **By:**     /s/ *Martial A. Webster*
**Martial A. Webster, Sr., Esq.**
116 Queen Cross St.
Frederiksted, VI   00841
P.O. Box 1568
Kingshill, VI   00851
Tel.: 340-772-3555
Email: attywebster@hotmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL** was sent via CM/ECF filing system via email notification to the following individual on this <u>14th</u> day of January 2020:

**Delia L. Smith**
US Attorney's Office
Criminal Division
5500 Veteran's Drive
St. Thomas, VI 00802
Email: delia.smith@usdoj.gov

/s/ *Martial A. Webster*
**Martial A. Webster, Sr., Esq.**