# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>IVAN JAMES,<br>KAI JAMES,<br>JOH WILLIAMS,<br>MALACHI BENJAMIN,<br>JAHKIEBO JOSEPH, and<br>ARIEL PETERSEN,<br><br>Defendants. | CASE NO. 19-CR-00079 |

## UNITED STATES' MOTION FOR A CONFLICT-OF-INTEREST INQUIRY

The United States of America, through Delia L. Smith, United States Attorney for the District of the Virgin Islands, and the undersigned Assistant United States Attorney, respectfully files this motion seeking a conflict-of-interest inquiry.

### I.   Procedural Background

The grand jury returned the first indictment in this matter on December 18, 2019. ECF No. 1.

Kai James filed a CJA 23 financial affidavit on January 27, 2020, and the Court appointed counsel the same day. ECF Nos. 44-47. Kai James retained counsel in December 2022. *See* ECF Nos. 382, 383, 391.

The Court appointed counsel for Malachi Benjamin on February 12, 2020. ECF No. 60. Appointed counsel filed a CJA23 affidavit, signed by appointed counsel, for Malachi Benjamin on February 18, 2022. ECF No. 277. Malachi Benjamin retained counsel in May 2023. ECF No. 507.

*United States v. James, et al.*, Case No 19-CR-00079
Motion for Conflict-of-Interest Inquiry
Page 2

The Court initially appointed counsel for Joh Williams on February 12, 2020. ECF No. 61. Joh Williams then retained counsel on February 13, 2020. *See* ECF Nos. 67, 212. In June 2021, retained counsel filed a motion seeking appointment, in part, because Joh Williams had indicated that he was unable to provide additional payments. ECF No. 212. On the same day, the Court appointed previously retained counsel to represent Joh Williams (contingent on consent and Joh Williams's eligibility for appointed counsel). ECF No. 213. Joh Williams subsequently retained counsel in August 2023. *See* ECF Nos. 536, 541.

Jahkiebo Joseph filed a CJA 23 financial affidavit on March 4, 2020. ECF 104. The Court appointed counsel the following day. ECF No. 115. Jahkiebo Joseph retained counsel in May 2023. *See* ECF No. 497.

## II.     Argument

Pursuant to *Wood v. Georgia*, 450 U.S. 261, 269 (1981), and *Quintero v. United States*, 33 F.3d 1133 (9th Cir. 1994), the Government hereby moves this Court to conduct a hearing to determine, as to Kai James, Malachi Benjamin, Joh Williams, and Jahkiebo Joseph: (1) whether defense counsel is being paid by someone other than the defendant; and (2) if so, (a) whether defense counsel has a potential conflict of interest, (b) whether the defendant waives any such conflict of interest, and (c) whether this Court should accept such waiver.

In *Wood v. Georgia*, the Supreme Court noted "the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise. One risk is that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against his former employer ...." 450 U.S. 261, 268-69 (1981) (footnote omitted). The Court held that the trial court had a "duty to inquire further" because "the *possibility* of a conflict of interest

*United States v. James, et al.*, Case No 19-CR-00079
Motion for Conflict-of-Interest Inquiry
Page 3

was sufficiently apparent." *Id.* at 272. More recently, in *Quintero v. United States*, 33 F.3d 1133 (9th Cir. 1994), the Ninth Circuit forcefully reiterated the need for the trial court to inquire into the possibility of a conflict of interest when there is reason to believe—based on defendant's indigent status—that privately-retained defense counsel's fees are being paid by a third party:

> This opinion is being published to alert trial judges, particularly in drug cases, to determine whether or not third parties are paying the fees of retained counsel when the defendant is indigent and, if so, whether the defendant understands the potential conflict of interest that may exist in such an arrangement and voluntarily waives that conflict.

*Id.* at 1134. Other courts, including the Third Circuit, have also recognized the potential conflict of interest created when someone other than the defendant pays the fees of defense counsel. *See e.g.*, *United States v. Smith*, 186 F.3d 290, 295 (3d Cir. 1999) ("As part of Smith's amicable severance agreement with the company, GTECH agreed to pay the counsel fees that he incurred in defending against the criminal charges. During pretrial skirmishing, Smith's counsel, Dominic Amorosa, objected to the prosecution's disclosure of the fact that a GTECH officer had invoked his Fifth Amendment privilege in a related proceeding. Amorosa suggested to the trial judge that the prosecution may have been trying to intimidate that officer as a witness. The prosecution responded by questioning whether Amorosa's conduct revealed a conflict of interest in favor of GTECH over Smith. In fulfillment of the court's duty of inquiry, *see Wood v. Georgia,* 450 U.S. 261, 272, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), the trial judge conducted a hearing with Smith present."); *United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) ("Ethical considerations warn against an attorney accepting fees from someone other than her client. As we stated in a different context, the acceptance of such 'benefactor payments' 'may subject an attorney to undesirable outside influence' and raises an ethical question 'as to whether the attorney's loyalties are with the client or the payor.'").

*United States v. James, et al.*, Case No 19-CR-00079
Motion for Conflict-of-Interest Inquiry
Page 4

It is important that *Wood-Quintero* issues be aired and resolved. Unless a *Wood-Quintero* inquiry is conducted here, any conviction could potentially be open to collateral attack. For example, in *Quintero*, privately retained defense counsel replaced court-appointed defense counsel. 33 F.3d at 1135. The defendant was convicted at trial. *See id.* at 1135 & n.1. The defendant then filed a § 2255 petition claiming that his privately retained defense counsel suffered from "a conflict of interest because [his defense] attorney was paid by an unknown third party." *Id.* at 1135, The Court of Appeals, reversing the trial court, held that an evidentiary hearing on the conflict-of-interest claim must be held. *Id.* at 1137. Similarly, in *Struminikovski v. United States*, 926 F. Supp. 113 (N.D. Ill. 1996), the defendant was convicted at trial and his conviction was affirmed on direct appeal. The defendant then filed a § 2255 petition claiming that "his [defense] counsel was paid by ... an unindicted co-conspirator, and that [defense counsel's] loyalty to [the unindicted co-conspirator] precluded a fair defense." *Id.* at 115. The court scheduled an evidentiary hearing on the claim. *Id.* at 116-17.

In addition, any guilty plea would be potentially subject to the attack. *See Garfias v. United States*, 894 F. Supp. 37 (D. Mass. 1995). In *Garfias*, the defendant pleaded guilty to conspiring to distribute cocaine. After sentencing, the defendant filed a § 2255 petition claiming that: "(a) upon the 'urging' of his attorney, he accepted a plea agreement which was contingent upon [all defendants pleading guilty]; (b) his attorneys' fees were paid for by a more culpable co-defendant; and (c) the co-defendant stood to benefit greatly from the plea agreement." *Id.* at 42. Based on the § 2255 petition, the court scheduled an evidentiary hearing. *See id.*

In *Quintero*, the Ninth Circuit urged trial courts to conduct a threshold conflict of interest inquiry when: (1) there is evidence that the defendant is indigent; and (2) the defendant is represented by retained counsel. That circumstance is present here. The Court appointed counsel

*United States v. James, et al.*, Case No 19-CR-00079
Motion for Conflict-of-Interest Inquiry
Page 5

for several defendants— Kai James, Malachi Benjamin, Joh Williams, and Jahkiebo Joseph — who filed CJA 23 financial affidavits or indicated a lack of funds to pay counsel. Those defendants nevertheless later retained counsel.

If the Court should determine that a third party is paying the fees for those defendants' retained counsel in this case, the Court should complete the *Wood-Quintero* inquiry by determining whether those defendants: (1) understand the potential conflict of interest that may exist in such an arrangement; and (2) voluntarily waive that conflict. *See Wood*, 450 U.S. at 273-74; *Quintero*, 33 F.3d at 1134. The Court would then determine whether to accept the waiver. *See Wheat v. United States*, 486 U.S. 153 (1988); *Locascio*, 6 F.3d at 933-34 (noting that a criminal defendant's waiver of a conflict of interest arising from multiple representation "can conceivably alleviate the constitutional defect, so long as the representation by counsel does not seriously compromise the integrity of the judicial process").

### III. Conclusion

For the reasons stated above, the Government respectfully requests that the Court conduct a conflict-of-interest inquiry pursuant to *Wood v. Georgia*, 450 U.S. 261, 269 (1981), and *Quintero v. United States*, 33 F.3d 1133 (9th Cir. 1994).

    Respectfully submitted,

    DELIA L. SMITH
    UNITED STATES ATTORNEY

Dated: November 15, 2023    By:    *s/ Adam Sleeper*
    Adam Sleeper
    Appellate Chief
    United States Attorney's Office
    District of the Virgin Islands
    5500 Veterans Drive, Suite 260
    St. Thomas, VI 00804
    Adam.sleeper@usdoj.gov
    (340) 774-5757