IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  v.<br><br>IVAN JAMES,<br>KAI JAMES,<br>JOH WILLIAMS,<br>MALACHI BENJAMIN,<br>JAHKIEBO JOSEPH, and<br>ARIEL PETERSEN,<br><br>                  **Defendants.** | CASE NO. 19-CR-00079 |

## UNITED STATES' OPPOSITION TO DEFENDANT IVAN JAMES' MOTION FOR STARKS HEARING

The United States of America, by and through Delia L. Smith, United States Attorney for the District of the Virgin Islands, files this opposition to Defendant Ivan James' Motion for a *United States v. Starks*, 515 F.2d 112 (3rd Cir. 1975), Hearing, docketed at ECF No. 598.

The defendant's motion, in full, states that he, "by and through undersigned counsel and in contemplation of United States v. Starks[,] 515 F.2d 112 (3rd Cir. 1975), moves this Court for a hearing to determine the authenticity and accuracy of any recordings and/or transcripts the government intends to offer at trial." ECF No. 598.

In *Starks*, the Third Circuit stated that:

> While proof of facts creating a sufficient foundation for the admission of a tape recording is a matter to be decided by the trial court, it does not have unbridled discretion to disregard the problems inherent in use of such evidence. Tape recordings are not readily identifiable as the original version. They are peculiarly susceptible of alteration, tampering, and selective editing. Because proffer of such evidence may, in the particularized circumstances of a given case, involve one or more of these problems in varying degrees it is difficult to lay down a uniform standard equally applicable to all cases.

515 F.2d at 121. The Court also identified useful factors for courts to consider:

"(1)    That the recording device was capable of taking the

*United States v. James, et al.,* Case No. 19-CR-00079
United States' Opposition to Motion for Starks Hearing
Page 2

>     conversation now offered in evidence.
> (2) That the operator of the device was competent to operate the device.
> (3) That the recording is authentic and correct.
> (4) That changes, additions or deletions have not been made in the recording.
> (5) That the recording had been preserved in a manner that is shown to the court.
> (6) That the speakers are identified.
> (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement."

*Id.* at 121 & n.11 (quoting *United States v. McKeever*, 169 F.Supp. 426, 430 (S.D.N.Y. 1958)).

  Significantly, the court specified that this burden shifts to the party offering the tape "[w]hen a colorable attack is made as to a tape's authenticity and accuracy." *Id.* at 122 ("When a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape, and the better rule requires that party to prove its chain of custody."). And, for that reason, numerous courts have held that no *Starks* hearing is warranted when a defendant makes no such colorable attack. *See United States v. Helmes*, No. CR 19-928 (FLW), 2022 WL 4300185, at *7 (D.N.J. Sept. 19, 2022) ("Here, Defendant has not presented a colorable attack as to the authenticity of any audiotape or video tape so as to shift the burden to the Government and justify a hearing . . . Moreover, Defendant has failed to respond to the Government's contention that the Government will be able to authenticate the recordings at trial, and why that course of action would not be prudent or sufficient to protect Defendant's interests. In fact, the Government maintains, here, that at trial, the government will authenticate any audio recordings to be admitted into evidence through the testimony of law enforcement witnesses with direct knowledge of the recorded telephone conversations. The Government also maintains that because the wiretapped calls were generated with equipment utilized by the FBI in the Title III

*United States v. James, et al.,* Case No. 19-CR-00079
United States' Opposition to Motion for Starks Hearing
Page 3

investigation, agents will be able to testify at trial as to the as to the accuracy of the equipment and the integrity of the recordings. For these reasons, Defendant's request for a *Starks* hearing is denied." (cleaned up)); *United States v. Mims*, No. 19-CR-00811 (BRM), 2022 WL 1165697, at *8 (D.N.J. Apr. 20, 2022) ("Here, Shomari has not made a 'colorable attack' as to the authenticity or accuracy of any recording or transcript as to shift the burden to the Government and justify a hearing. Shomari's request for a hearing on the audibility and admissibility of the recordings is **DENIED**."); *United States v. Manning*, No. CR 14-326 WHW, 2015 WL 1310286, at *2 (D.N.J. Mar. 24, 2015) ("Here, Mr. Manning has not presented a 'colorable attack' as to the authenticity of any audiotape or video tape so as to shift the burden to the Government and justify a pre-trial hearing. The Court denies Mr. Manning's motion for a hearing on the audibility of recordings." (internal citation omitted)); *United States v. Gatson*, No. 13-705, 2014 WL 7182275, at *26 (D.N.J. Dec. 16, 2014) ("Gatson next requests a pretrial *Starks* hearing regarding any recordings that the prosecution intends to use at trial. Here, Gatson has not presented a 'colorable attack' as to the authenticity of any audiotape or video tape so as to shift the burden to the Government and justify a hearing. Accordingly, the Court will deny Gatson's request for a *Starks* hearing." (internal citation omitted)); *United States v. Harris*, No. 3:10-CR-40, 2013 WL 1828549, at *5 (W.D. Pa. Apr. 30, 2013) ("After consideration of the parties' arguments over whether to grant a *Starks* hearing, the Court found that Defendant had 'not established a colorable attack on the tape's authenticity or accuracy,' and, in turn, Defendant had 'not presented a sufficient reason for the *Starks* hearing,' and as such, it was **DENIED**."); *United States v. Weeks*, No. CRIM. 07-149-1-SLR, 2009 WL 192471, at *6 (D. Del. Jan. 26, 2009) ("Considering that defendant has presented nothing more than a request for hearing, the court finds that a 'colorable attack' has not been

*United States v. James, et al.*, Case No. 19-CR-00079
United States' Opposition to Motion for Starks Hearing
Page 4

demonstrated and, accordingly, a *Starks* hearing is unwarranted."); *Cottman Transmission Sys. v. McEneany*, No. CIV.A. 05-6768, 2007 WL 210094, at *3 (E.D. Pa. Jan. 19, 2007) ("No *Starks* hearing on the tape, however, is needed. Based on the affidavits submitted, the tape meets the Federal Rule of Evidence 104(b) test of admissibility. Moreover, the defendants do not present a 'colorable attack' as to the authenticity or accuracy of the tape that would shift the burden to Cottman to prove the tape's chain of custody. Nor do the defendants identify any discrepancy between the tape and the transcript." (internal citations omitted)); *but see United States v. Flood*, No. CRIM.3:2004-36, 2007 WL 1314612, at *12 (W.D. Pa. May 4, 2007) (granting a *Starks* hearing after initially denying the motion for a hearing due to lack of a colorable attack, after determining that the *Starks* standard survived the promulgation of Federal Rule of Evidence 901(a)).

In this case, the defendant merely requests a *Starks*. He identifies no specific recordings or sets of recordings (or transcripts of such recordings) that he believes are problematic, nor does he identify any reason that those recordings are problematic. Under these circumstances, defendant has not made any attack on any recording's authenticity or accuracy, let alone a colorable one. Accordingly, the Court should deny the defendant's Motion for a *Starks* Hearing. The Government will adequately authenticate any recordings it intends to use at trial.

                                        Respectfully submitted,

Dated: November 24, 2023             s/ *Delia L. Smith*
                                        Delia L. Smith
                                        United States Attorney
                                        District of the Virgin Islands
                                        5500 Veteran's Drive, Suite 260
                                        St. Thomas, VI 00802
                                        Delia.Smith@usdoj.gov