# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,

v.

IVAN JAMES,
KAI JAMES,
JOH WILLIAMS,
MALACHI BENJAMIN,
JAHKIEBO JOSEPH, and
ARIEL PETERSEN,

                **Defendants.**

CASE NO. 19-CR-00079

## UNITED STATES' OPPOSITION TO DEFENDANT IVAN JAMES' MOTION TO SEVER

The United States of America, by and through Delia L. Smith, United States Attorney for the District of the Virgin Islands, files this opposition to Defendant Ivan James' Motion to Sever, docketed at ECF No. 620.

The defendant moves to sever Count Fourteen of the Third Superseding Indictment, asserting, in full, that "count 14, which sets out allegations of murder, is not of the same or similar character, or based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan with reference to other counts in the indictment (FRCP Rule 8(a))." ECF No. 620.

Joinder of a count in a multi-defendant manner is governed by Federal Rule of Criminal Procedure 8(b), not Rule 8(a). *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003) ("Irizarry's focus on Rule 8(b) at first appears misguided because Rule 8(b) authorizes joinder of *defendants* and Irizarry is actually challenging the joinder of allegedly unrelated *offenses.* Therefore, the plain language of Rule 8 suggests that he must rest his claim of misjoinder on Rule

*United States v. James, et al.,* Case No. 19-CR-00079
United States' Opposition to Motion to Sever
Page 2

8(a). However, we have held that Rule 8(a) 'dealing with the joinder of offenses, applies only to prosecutions involving a single defendant' and that in a multi-defendant case such as this, 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" (quoting *United States v. Somers*, 496 F.2d 723, 729 n.8 (3d Cir. 1974))). Rule 8(b) provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Generally, trial judges look to the face of the indictment to determine proper joinder, but "[w]here representations made in pretrial documents other than the indictment clarify factual connections between the counts"—including proffers of evidence regarding the relation between counts—"reference to those documents is permitted." *See United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992), *as amended* (May 19, 1992), *as amended* (June 24, 1992).

Here, it is unnecessary to look beyond the face of the indictment to identify the link between Count Fourteen and other counts. Count Fourteen alleges that Ivan James and Joh Williams murdered Levar Pogson on or about May 25, 2017, in violation of Virgin Islands law. *Id.* at 9. Count Twelve similarly charges Ivan James and Joh Williams with violating 18 U.S.C. § 924(j) on or about May 25, 2017, by killing Levar Pogson with a firearm during the commission of a violation of 18 U.S.C. § 924(c)—for which the predicate offense is the "Conspiracy to Possess and Distribute Controlled Substances, in violation of 21 U.S.C. § 846 . . . charged in Count One of this Third Superseding Indictment." ECF No. 555, at 8. More specifically, Count Twelve charges that those defendants discharged firearms "during and in relation to" Count One, resulting

*United States v. James, et al.,* Case No. 19-CR-00079
United States' Opposition to Motion to Sever
Page 3

in the murder of Levar Pogson. *See id.* In turn, Count One alleges that all the defendants who have not pleaded guilty (and others known and unknown) conspired to possess with intent to distribute a detectible amount of cocaine and marijuana. *See id.* at 1.

Because Ivan James and Joh Williams could not kill Levar Pogson twice on or about May 25, 2017, it is evident that the acts underlying Counts Twelve and Fourteen are the same. Thus, Count Fourteen clearly charges the same acts as Count Twelve, and charges acts during and in relation to the conspiracy charged in Count One. Under these circumstances, the defendant's unsupported contention that Count Fourteen is unrelated to other counts is demonstrably incorrect. Indeed, by not moving to sever Count Twelve, the defendant appears to concede that the murder of Levar Pogson is sufficiently related to the other counts. These charges are properly joined because, on the face of the indictment, they charge the "same act or transaction, or . . . the same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b).

In addition, if the Court were to look beyond the face of the indictment—which is not necessary here—the United States proffers the following:

> The evidence will show that Levar Pogson was a member of a competing drug trafficking organization that was warring with the drug trafficking organization whose members are charged in this case. Pogson killed members of Joh Williams's family. Pogson was then killed by this drug trafficking organization in retaliation. Hence, Pogson's murder is charged in Counts Twelve and Fourteen of the Third Superseding Indictment.

The above proffer similarly provides the necessary link between Count Fourteen and the other charges.

*United States v. James, et al.,* Case No. 19-CR-00079
United States' Opposition to Motion to Sever
Page 4

   Accordingly, the Court should deny the defendant's Motion to Sever.

              Respectfully submitted,

Dated: November 24, 2023      s/ *Delia L. Smith*
                Delia L. Smith
                United States Attorney
                District of the Virgin Islands
                5500 Veteran's Drive, Suite 260
                St. Thomas, VI 00802
                Office: (340) 774-5757
                Delia.Smith@usdoj.gov