**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               v.<br><br>IVAN JAMES,<br>KAI JAMES,<br>JOH WILLIAMS,<br>MALACHI BENJAMIN,<br>JAHKIEBO JOSEPH, and<br>ARIEL PETERSEN,<br><br>               **Defendants.** | CASE NO. 19-CR-00079 |

## UNITED STATES' OPPOSITION TO DEFENDANT
## ARIEL PETERSEN'S MOTION TO DISMISS

The United States of America, by and through Delia L. Smith, United States Attorney for the District of the Virgin Islands, and the undersigned Assistant United States Attorney, files this opposition to Defendant Ariel Petersen's Motion to Dismiss Counts One, Six, Seven, and Eight (ECF No. 603).

### I.    PROCEDURAL BACKGROUND

The United States charged the defendants in a fourteen-count Third Superseding Indictment. ECF No. 555. As pertinent here, Count One alleged that all the defendants in the caption above conspired to possess with intent to distribute a mixture or substance containing a detectible amount of cocaine and a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Six alleges that Kai James, Jahkiebo Joseph, and Ariel Peterson transported multiple firearms into the Virgin Islands, where they resided, after obtained them outside the Virgin Islands, in violation of 18 U.S.C. § 922(a)(3). Count Seven alleges that Kai James, Jahkiebo Joseph, and Ariel Peterson delivered multiple

*United States v. James, et al.*, Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 2

firearms to a common or contract carrier, without written notice that the firearms were being shipped, in violation of 18 U.S.C. § 922(e). Count Eight alleges that Kai James, Jahkiebo Joseph, and Ariel Peterson possessed multiple firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Defendant Ariel Peterson (the "defendant") has moved to dismiss Counts One, Six, Seven, and Eight. ECF No. 603.[1] The Government opposes the motion to dismiss.

## II. ANALYSIS

Counts One, Six, Seven, and Eight are not duplicitous. "Duplicity is the improper joining of distinct and separate offenses in a single count." *United States v. Haddy*, 134 F.3d 542, 548 (3d Cir. 1998). Thus, "[t]o determine whether a count is duplicitous," courts "must ascertain the allowable unit of prosecution to decide whether the indictment properly charges a violation of the pertinent statute," or improperly charges multiple violations. *See United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009). The Third Superseding Indictment properly charges the appropriate units of prosecution.

### 1. Count One is not duplicitous.

The defendant contends that Count One is duplicitous because it charges a single conspiracy to possess with intent to distribute both cocaine and marijuana. That argument is clearly foreclosed by Third Circuit precedent. In *United States v. Gomberg*, defendants were charged with "conspiracy under section 846 'to manufacture and distribute methamphetamine, and to distribute and possess with the intent to distribute phenyl-2-propanone.'" 715 F.2d 843, 845 (3d Cir. 1983).

---

[1] Co-defendants Ivan James and Joh Williams have joined the motion. ECF No. 617, at 2.

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 3

They argued that "the indictment was duplicitous because the conspiracy count charges them with two separate offenses." *Id.* at 845. The Third Circuit rejected that argument:

> the count at issue here charges defendants with only one crime: a conspiracy. Although the illegal agreement had two objectives, the count is not duplicitous. " 'The conspiracy is the crime, and that is one, however diverse its objects.' " *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942), *quoting Frohwerk v. United States,* 249 U.S. 204, 210, 39 S.Ct. 249, 252, 63 L.Ed. 561 (1919). *See also* W. LaFave and A. Scott, CRIMINAL LAW § 62 (1972) ("An agreement to commit several crimes is but one conspiracy."). Accordingly, we reject the defendant's duplicity attack.

*Id.* at 845-46. *Gromberg* is directly on point, but the defendant fails to distinguish it. Accordingly, the Court should conclude that Count One is not duplicitous.[2]

## 2. Counts Six and Seven are not duplicitous.

The defendant contends that Counts Six and Seven are duplicitous because they both charge one statutory violation involving multiple firearms—in effect, contending that each firearm is the proper unit of prosecution. *See* ECF No. 603, at 6-8. Although Counts Six and Seven charge violations of different statutes, both statutes prohibit engaging in certain acts with "any firearm." *See* 18 U.S.C. § 922(a)(3) ("It shall be unlawful for . . . for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides (or if the person is a corporation or other business entity, the State where it maintains a place of business) *any firearm* purchased or otherwise obtained by such person

---

[2] The United States also notes that it will request specific interrogatories as to both substances. So, to the extent there is any risk of the Court considering acquitted conduct at sentencing—which the United States does not, in any event, believe is improper—that may be addressed at the sentencing stage, if the jury's verdict implicates it.

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 4

outside that State . . . ." (emphasis added)); 18 U.S.C. § 922(e) ("It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is *any firearm or ammunition* without written notice to the carrier that such firearm or ammunition is being transported or shipped . . . ." (emphasis added)).

Although the Third Circuit has not identified the unit of prosecution for these statutes, it has routinely applied lenity and held—including when construing other subsections of 18 U.S.C. § 922—that Congress's use of the term "any firearm" does not provide for a separate unit of prosecution for each firearm. *See United States v. Tann*, 577 F.3d 533, 536 (3d Cir. 2009) (construing 18 U.S.C. 922(g)(1)—which prohibits the possession or receipt of "any firearm or ammunition" by a felon—and holding that "the unit of prosecution under § 922(g) is the incident of possession, regardless of whether a defendant possessed more than one firearm, or possessed a firearm and ammunition," citing the statute's "use of the word 'any,'" and concluding that the district court's error was plain); *United States v. Frankenberry*, 696 F.2d 239, 245 (3d Cir. 1982) (construing 18 U.S.C. § 922(h)(1)—which prohibits the receipt of "any firearm or ammunition" by a person under indictment—and holding that "simultaneous receipt of more than one weapon covered by section 922(h)(1) supports conviction for only one offense"); *United States v. Marino*, 682 F.2d 449, 453-55 (3d Cir. 1982) (construing 18 U.S.C. App. § 1202(a)—which prohibited "the receipt, possession, or transportation in commerce by a previously convicted felon of 'any firearm'"—and holding that "the simultaneous possession of two or more firearms constitutes a single offense under section 1202(a)"). And the Supreme Court has held in another context—in a

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 5

case cited by the Third Circuit cases referenced above—that a statute that prohibits the "transport[ion] in interstate or foreign commerce . . . [of] any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose" did not permit separate convictions for each woman or girl, invoking lenity. *Bell v. United States*, 349 U.S. 81, 82-84 (1955).

Consistent with the cases cited above, this Court should construe the term "any firearm" in 18 U.S.C. § 922(a)(3) and 18 U.S.C. § 922(e), to not proscribe a separate unit of prosecution for each firearm when an individual violates the statute with multiple firearms at the same time. There is no apparent basis on which to distinguish those cases, and the defendant does not do so.

Turning to the charges at issue here, as the defendant notes, when analyzing whether a count is duplicitous at this stage, the court's review is limited to the face of the indictment. *See* ECF No. 603, at 3-4 & n.2; *cf. also United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) ("In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29."). Because the indictment on its face does not show that the defendants violated the statutory prohibitions with the firearms at issue here at different times, this motion fails. But, even if the Court could look beyond the face of the indictment to the evidence the United States intends to present at trial, the motion would also fail. In this case, the defendants sent one package containing the multiple firearms charged from Florida to the United States Virgin Islands, violating both statutes. *Cf. id.* at 660 (noting that a pretrial motion to dismiss can nevertheless be resolved on a stipulated record). Under these circumstances,

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 6

the Court should conclude that Counts Six and Seven are not duplicitous. And since the unit of prosecution is not each firearm, the type of firearms is not an element of the offense; it is a means. Thus, the jury need not unanimously determine with which firearm the defendant violated the applicable statute. *Cf. United States v. Wise*, 515 F.3d 207, 214-15 (3d Cir. 2008) ("Contrary to Wise's assertion, the jury was not required to unanimously agree on the type of weapon that he possessed, because a specific type of firearm is not an element of a violation under 18 U.S.C. § 924(c)(1)(A).").

### 3. Count Eight is not duplicitous.

The defendant also contends that Count Eight is duplicitous because each firearm supports a separate Section 924(c) charge. As a preliminary matter, the United States notes that the defendant's argument invites the United States to charge five violations of 18 U.S.C. § 924(c), when it has determined that only one violation may be charged, increasing the potential five-year mandatory minimum five-fold. This curious argument lacks merit.

The Third Circuit has determined that the proper unit of prosecution for 18 U.S.C. § 924(c) is the predicate offense. In *United States v. Diaz*, it "agree[d] with the [Sixth Circuit] when it stated, '[t]he purpose of § 924(c)(1), as explained extensively in [*United States v. Lindsay*, 985 F.2d 666 (2d Cir. 1993)*,* is to target those defendants who choose to involve weapons in an underlying narcotics crime.... Consequently, the predicate offense, not the firearm, is the object of § 924(c)(1)." 592 F.3d 467, 473 (3d Cir. 2010) (quoting *United States v. Taylor*, 13 F.3d 986, 993-94 (6th Cir. 1994)); *see also Taylor,* 13 F.3d at 994 ("We conclude that § 924(c)'s unit of prosecution is the underlying offense, not the number of firearms."); *Lindsay*, 985 F.2d at 676 ("Since congress failed to specify the firearm as the appropriate unit of prosecution under §

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 7

924(c)(1), we invoke the rule of lenity, *see Coiro,* 922 F.2d at 1015, and conclude that a defendant who uses multiple firearms in relation to a single drug-trafficking crime may be charged with only one violation of § 924(c)(1)."). It then applied the rule of lenity to conclude that the unit of prosecution was the predicate offense, not, as the Government argued, "each instance in which a defendant uses or carries a firearm during and in relation to a drug-trafficking offense, or each instance in which a defendant possesses a firearm in furtherance of such an offense." *See id.* at 471, 474-75.

The reasoning in *Diaz* is equally applicable here: the object is the predicate offense, not the firearm, and to the extent there is an unresolvable ambiguity, the unit of prosecution is not each firearm (which would subject the defendant to significantly longer mandatory imprisonment). Yet, the defendant fails to distinguish *Diaz* or its reasoning. So the Court should determine that: (1) the unit of prosecution is the predicate offense—not the firearm—and hold that Count Seven is not duplicitous because it charges only one predicate offense; and (2) the jury need not unanimously agree on which firearm was possessed,[3] *see Wise*, 515 F.3d at 214-15.

### III. Conclusion

For the reasons stated above, the Court should deny the defendant's Motion to Dismiss.

---

[3] Thus, because as to Counts Six, Seven, and Eight, the jury is only being asked, and is only required to determine, whether the defendant committed the violation with at least one of the firearms, it does not unanimously determine whether the defendant did not commit the violation with one or more firearms (except inasmuch as the jury acquits a defendant entirely). As such, the defendant's acquitted conduct concerns—which the United States disagrees with—are misplaced.

*United States v. James, et al.,* Case No. 19-CR-00079
Opposition to Motion to Dismiss
Page 8

                                      Respectfully submitted,

                                      DELIA L. SMITH
                                      United States Attorney

Dated: November 27, 2023        s/ *Adam Sleeper*
                                      Adam Sleeper
                                      Appellate Chief
                                      District of the Virgin Islands
                                      5500 Veteran's Drive, Suite 260
                                      St. Thomas, VI 00802
                                      Office: (340) 774-5757
                                      Adam.Sleeper@usdoj.gov