# The Honorable Mark A. Kearney

Judge, United States District Court
Room 6613, U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
267-299-7680
Fax: 267-299-5023
Chambers_of_Judge_Kearney@paed.uscourts.gov

## POLICIES AND PROCEDURES FOR DISTRICT OF VIRGIN ISLANDS
### (December 2023)

The Policies and Procedures ("Policies") apply to all matters unless varied by Judge Kearney's Order as necessary on a case-by-case basis. The Policies are intended to answer a wide variety of questions. To the extent counsel or a party has a question not addressed by these Policies, telephone inquiries should be directed as appropriate to Courtroom Deputy **Ulrike Bower** at **267-299-7688** or Ulrike_Bower@paed.uscourts.gov. with a copy to **Chambers_of_Judge_Kearney@paed.uscourts.gov**

**I.      Policies applying in all matters.**

   **A.      We permit correspondence in limited circumstances.**

We are governed by Fed. R. Civ. P. 7(b) and Fed. R. Crim. P. 47(a). Other than as listed below or otherwise directed by Judge Kearney, a request for direction must be made through a pleading, motion, application, or similar filing with service upon all parties. Requests for extension of time to respond to a pleading or motion or a request for the extension of the dates in a scheduling order must be made by motion or stipulation demonstrating good cause which can be reviewed and ruled upon. Judge Kearney will not accept letter requests for extensions of time set by the Federal or Local Rules or our scheduling Orders.

Counsel shall not send copies of correspondence among themselves to Judge Kearney. Correspondence, not to exceed two pages, may be emailed, faxed or mailed to Chambers copied to all counsel and unrepresented parties only in the following instances:

   (1) Counsel are specifically requested by the Court to communicate information by letter;

   (2) An uncontested request for an extension of sentencing;

   (3) A scheduling request based on an unanticipated and irreversible personal matter concerning counsel, a party or counsel's immediate family; or,

   (4) A case, or portions of a case, settled.

This limited correspondence must include a specific and candid description of the situation requiring Judge Kearney's attention and the position of the opposing party. Correspondence may be sent by email, fax, or mail to the Chambers' Philadelphia address above.

We will not accept unsolicited communications unless pre-approved by Judge Kearney.

**B.     Telephone inquiries and conferences as warranted.**

Judge Kearney may hold telephone conferences. Chambers will notify counsel of the date and time for the telephone conference.

**C.     No telephone communications from *pro se* parties.**

Telephone and fax communications by a *pro se* party are prohibited unless approved by Judge Kearney beforehand and an ESR/Court Reporter is present. *Pro se* parties may not appear for hearings by telephone unless permitted for good cause, such as incarcerated persons in civil cases.

**D.     No communications with law clerks or interns.**

Counsel and parties are not permitted to communicate with the Judge's law clerks or interns unless specifically directed by the Judge on a particular issue.

**E.     Electronic Case Filing ("ECF") is required of all counsel.**

Counsel shall file all papers required to be filed under the Federal or Local Rules of Civil and Criminal Procedure electronically through ECF.

**F.     Courtesy copies of ECF filings shall be provided only as directed.**

Courtesy copies shall only be provided to Chambers for a filing over thirty-five pages and as required under these Policies (e.g. Rule 56 papers) or otherwise requested by Chambers. The courtesy copy shall be the ECF document with the ECF notation at the top of each page, unless otherwise ordered. All courtesy copies are to be delivered to the Clerk's Office to the attention of Judge Kearney.

**G.     Hearings and required scrutiny of proposed sealed or redacted documents**

All motions to seal must be directed to Judge Kearney's attention unless referred to a Magistrate Judge or Rule 53 Special Master. Except in emergency situations, no documents may be filed under seal without first obtaining leave. All motions for leave to seal documents should be filed of record with a courtesy copy contemporaneously emailed to Chambers of the motion and all documents to be sealed. If a party files redacted documents in an emergency situation, counsel must immediately provide Chambers with a courtesy copy of the documents without redactions. Parties are expected to comply redact personal identifiers without an order.

Counsel may not shift the burden of ensuring public access of filed documents through a private confidentiality agreement where counsel require all privately designated "confidential" or "highly confidential" documents to be filed under seal. Counsel must separately analyze the issues under our Court of Appeals's analysis in *In re Avandia Marketing*[1] and guided by Chief Judge Connolly's analysis in *In re Storag Etzel GmbH*[2].

We will schedule *in camera* hearings to address motions to seal extensive materials where trial counsel shall appear and show cause as to each line of material counsel deems warrants precluding public access.

### H. References to websites

Filings referencing a website shall attach a screenshot of the cited website reference as an exhibit.

### I. We encourage development of trial lawyers.

We recognize the importance of developing future generations of federal court trial lawyers. We encourage trial counsel to assign court presentations to less experienced attorneys unless we require lead counsel's presence (e.g., Rule 16 and settlement conferences). We are aware experienced trial counsel may not be directly involved in the day-to-day of the discovery process, issues in dispositive motions, or with a particular witness or issue at trial. If warranted, we encourage the parties and thoughtful trial counsel to allow well-prepared but less experienced attorneys to present their client's best position where, for example, the less experienced attorney lived with the facts or drafted or contributed significantly to the briefing. If requested before an argument, we may allow more experienced trial counsel to assist the less experienced attorney arguing the motion, where appropriate during oral argument.

There are many different circumstances where it is not appropriate for a less experienced attorney to solely present the client's position, particularly where we require trial counsel's presence. Depending on the attorney-client relationship, strategy on court appearances may be the

---

[1] *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). The party seeking to rebut the presumption of public access to a judicial document bears the burden of showing "the interest in secrecy outweighs the presumption" and "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Id.* at 672 (cleaned up). To meet *Avandia's* standard, we must be able to articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *Id.* at 672–73 (citation omitted). We must be specific in the injury to be prevented by sealing, and conduct "careful factfinding and balancing of competing interests" before the "strong presumption" of the public's right to access can be overcome by the "secrecy interests of private litigants." *Id.* at 673 (citation omitted). A party's private agreement does not govern our obligation of ensuring public access.

[2] No. 19-mc-209, 2020 WL 2915781 (D. Del. June 3, 2020) *adopting except for the First Amendment analysis,* 2020 WL 2949742 (D. Del. Mar. 25, 2020).

client's decision and we do not wish to interfere in the client's decision. We draw no inference from a party's decision not to have a less experienced attorney present the position. Similarly, we draw no inference about the importance of a particular position, or the merits of a party's position, from the party's decision to have (or not to have) a less experienced attorney present the position. We only wish to encourage the experienced members of this Court's Bar and their clients to develop their next generation of trial lawyers.

### J. *Pro hac vice* motions.

Motions for *pro hac vice* admission should be made as soon as possible and must be filed by an attorney: (1) admitted to practice and in good standing before this Court; (2) whose appearance has been entered in the case in which the motion is made and who confirms his or her continuing obligations under Section I.K. of our Policies below; (3) describing the reasons the client requires this lawyer's special admission, i.e., what does the applicant offer which cannot be provided by the attorney admitted in our Court; and, (4) reciting the positions of all counsel regarding the motion.

The motion must also be accompanied by the affidavit of each attorney seeking *pro hac vice* admission swearing:

  i. Year and jurisdiction of each bar admission:

  ii. Status of the attorney's admission(s), i.e., active or inactive, in good standing, etc.;

  iii. Whether the attorney has ever been suspended from the practice of law in any jurisdiction or received any public reprimand by the highest disciplinary authority of any bar in which the attorney has been a member;

  iv. The affiant/declarant (a) has in fact read the most recent edition of the Virgin Islands Rules of Professional Conduct and the Local Rules of this Court and (b) agrees to be bound by both sets of Rules for the duration of the case for which *pro hac vice* admission is sought; and,

  v. If granted *pro hac vice* status, the affiant/declarant will in good faith continue to advise counsel who has moved for the *pro hac vice* admission of the current status of the case for which *pro hac vice* status has been granted and of all material developments in the case.

Thoughtful opposition to a motion for *pro hac vice* must be filed within one business day of the filing of the motion.

### K. Local counsel's continuing obligations.

The admission of counsel *pro hac vice* does not relieve associate local counsel and the attorney moving the admission of responsibility for counsel admitted *pro hac vice*. Judge Kearney requires local counsel sign all filings. While local counsel shall be available by phone and prepared to substantively address fact and legal issues for every case, we also require local counsel to be

present in Court (or on the telephone with leave) for a presentation on patent/ANDA, class, collective, qui tam, derivative, multi-party, criminal matters designated as complex or every case designated on the Special Case Management track or transferred to our docket from the Multi District Litigation Panel. We do not reschedule confirmed and attached trial dates in any matter based on specially admitted counsel's conflicts.

## II. Initial steps in civil matters

### A. Rule 16 Conference and Rule 26(f) meeting are substantive obligations.

The initial pretrial conference may be scheduled shortly after a defendant has entered an appearance.

#### 1. Rule 26(f) meeting and joint report

Judge Kearney relies on counsel's good faith compliance in all respects with Rule 26(f). Parties should complete the Rule 26(f) meeting as soon as possible. This meeting is a meaningful and substantive discussion to address prompt settlement positions, formulate the proposed discovery plan, and discuss the parties' factual and legal positions.

Pending motions will not excuse the requirements of holding the meeting and submitting the plan. Parties who do not comply will have no input at the initial pretrial conference.

Unless waived for good cause, our scheduling Order will begin discovery and require the parties to file a comprehensive joint report of the Rule 26(f) meeting at least one day before the initial pretrial conference fully compliant with the form provided at https://www.paed.uscourts.gov/judges-info/district-court-judges/mark-a-kearney.

#### 2. Additional disclosures in patent non-ANDA cases

In patent non-ANDA cases, the comprehensive joint report of the Rule 26(f) meeting shall include proposed dates for the exchange, in steps, of required information to plan for a *Markman* hearing as soon as practicable under Fed. R. Civ. P. 1:

a. Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

c. Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

e. The exchange of final infringement contentions.

f. Finally supplement, among other items, the identification of all accused products and of all invalidity references.

g. Date for *Markman* hearing and scope of *Markman* hearing.

### 3. Obligations for the Rule 16 conference

The initial pretrial conference is a substantive discussion addressing, at a minimum: items listed in Fed. R. Civ. P. 16; completion of self-executing disclosures under Fed. R. Civ. P. 26(a); a review of the required stipulated facts; disclosure of insurance coverage and deductibles; requests for a Fed. R. Evid. 502(d) Order; status of pending discovery; the preservation, production and cost allocation of electronically stored information; status of settlement demands and offers and proposed timing of mediation; and, <u>specific</u> facts regarding liability, damages and relief sought. Lead counsel must advise Judge Kearney of any conflict in scheduling a trial beginning in four months after the Rule 16 Conference and thereafter. Judge Kearney will issue a Scheduling Order shortly after the conclusion of the initial pretrial conference.

Absent compelling grounds provided in writing before the conference, counsel attending the initial pretrial conference shall be designated as lead trial counsel. If lead counsel is excused in advance of the conference, the attorney appearing must have access to lead counsel's calendar during the proceeding. Lead trial counsel shall be prepared to discuss settlement at the initial pretrial conference, including having full authority from clients on settlement. Counsel may not claim lack of authority to discuss settlement with opposing counsel and Judge Kearney unless the client or carrier representative with full authority is present at the initial pretrial conference.

### B. Threshold motions

Parties seeking to move to dismiss, strike, remand, transfer, substitute parties, and other threshold issues shall:

a. Attach a certificate signed by the movant's trial counsel to the threshold motion confirming the movant meaningfully conferred in good faith with the represented party (does not apply to pro se parties) subject to the anticipated motion including specifically identifying the communications and shared resolution to resolve the issue particularly on motions to dismiss based on the perceived inadequacy of the pleading or venue issues which can often be readily resolved by an amended pleading or stipulated transfer or remand;

b.  Be prepared to address the merits of a pending or anticipated threshold motions at the initial pretrial conference, even if not fully briefed at that time.

**C.     Prompt resolution of matters through ADR and settlement conferences**

To the extent counsel cannot resolve the case before or during the initial pretrial conference, Judge Kearney will direct all parties to confer as to their preference for a qualified mediator subject to appointment under Federal Rule 53.

Counsel are reminded meaningful participation in an early alternative dispute resolution ("ADR") effort is strongly encouraged and will be discussed *passim*, including in the initial pretrial conference. Specific reasons for not participating in a form of early ADR shall be specifically detailed in the Rule 26(f) report.

**D.     Motions to amend pleadings**

A motion to amend a pleading shall: identify all parties' positions on the proposed amendments and attach the proposed amended pleading either blacklined or highlighted solely to show the change in the pleading.

**E.     Amending pleadings as a matter of course**

A party filing an amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1) must attach as an exhibit a blacklined or highlighted copy of the pleading solely to show the changes in the pleading.

**F.     Continuances, amendments, and extensions of scheduling**

Unless there is demonstrated good cause in writing to justify a change, the parties are expected to adhere to the schedule contained in Orders setting obligations or, absent an Order, the default dates in the Federal or Local Rules. A request for an extension or continuance of the trial date will not be granted absent extraordinary circumstances.

*Stipulations.* Judge Kearney may approve a stipulation for a continuance or extension if the continuance or extension does not affect the trial date.

*Contested scheduling.* If a non-incarcerated party opposes a continuance or extension, the movant may move under Section IIIA. below identifying the basis for the continuance or extension and detail the positions of other parties with a proposed order.

**III.    Discovery**

The Federal and Local Rules of Civil Procedure call for voluntary, cooperative discovery in a timely manner. In 2010, the Judicial Conference Advisory Committee on Civil Rules

sponsored a symposium on civil litigation culminating in the 2015 amendment to the Federal Rules of Civil Procedure. In his 2015 Year-End Report on the Federal Judiciary, Chief Justice Roberts highlighted these amendments and suggested both judges and practitioners "must take to heart" the change to Rule 1: the Civil Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[3] The information required to be disclosed under Fed. R. Civ. P. 26(a) is required to be exchanged no later than seven days after the date of the Order scheduling the Rule 16 conference. The parties and Counsel are expected to act in accordance with both the letter and the spirit of the Rules. The parties should be familiar with *Guidelines and Practices for Implementing the 2015 Discovery Amendments Concerning Proportionality* (Third Edition) published by the Bolch Judicial Institute (formerly the Duke Law Judicial Studies Center) https://scholarship.law.duke.edu/bolch/.

Absent demonstrated good cause in a complex case, the parties should expect discovery to be complete after ninety days from the initial Order beginning discovery. If not done already, the parties are required to commence core party written discovery upon Order and immediately upon receipt of notice of the date of the Rule 16 conference unless stayed by statute or order. Core party written discovery includes, among other efforts: document requests; admissions; and interrogatories. It does not include third-party discovery or depositions before the initial scheduling conference unless specifically ordered for good cause. Counsel will be required to report on the progress of core party written discovery at the initial pretrial conference.

It is expected the parties will reach an agreement on conducting electronic discovery. Absent an agreement before the initial pretrial conference, Judge Kearney will apply our order incorporating default standards which should be reviewed at
https://www.paed.uscourts.gov/judges-info/district-court-judges/mark-a-kearney.

### A. Resolving discovery or scheduling disputes

Counsel will proceed in discovery in a cooperative manner consistent with their professional obligations including full disclosure. If a discovery dispute cannot be resolved, we expect counsel will provide a substantive, specific, and meaningful certification including describing the opposing party's position. For example, it is not sufficient to certify "counsel can't reach opposing counsel"; "reasonable efforts have been made but were unsuccessful"; "counsel have conferred in good faith"; "counsel repeatedly conferred with opposing counsel" or similar generalities. *See, e.g., Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 186 (3d Cir. 2003); *Evans v. American Honda Motors Co., Inc.,* No. 00-2061, 2003 WL 22844186 at *1-2 (E.D. Pa. Nov. 26, 2003). Failure to include a certification or insufficient certification may result in summary denial without substantive consideration.

Limited discovery and all scheduling disputes resolved by short motion: Judge Kearney will promptly consider a short motion of three pages or less, double-spaced twelve-point font, with an attached proposed order seeking to enforce or excuse timely and full compliance with discovery

---

[3] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf (emphasis in original).

8

and scheduling obligations under the Federal Rules, these Policies, and our Orders. The parties may not file a memorandum of law absent leave. Judge Kearney may resolve the issue before a response unless opposing counsel advises Chambers, by email to Chambers or letter faxed within twenty-four hours of filing, noticing their intent to file a response of three pages or less within forty-eight hours of the motion filing. A response due on a weekend or federal holiday is due by Noon EST on the next succeeding business day. Counsel seeking to file replies or longer motions or responses must move for relief and obtain leave to do so before filing. No reply may be filed without leave. The motion does not need to be in a numbered paragraph format.

Discovery motion practice: A discovery motion unable to be presented in three pages or less may be presented in a motion not exceeding seven pages, double-spaced twelve-point font, along with a proposed order. The parties may not file a memorandum of law absent leave. Absent an Order, a response may be filed within three days, also limited to seven pages, double-spaced twelve-point font. A response due on a weekend or federal holiday is due by Noon EST on the next succeeding business day. Counsel seeking to file replies or longer motions or responses must move for relief and obtain leave to do so before filing. No reply may be filed without leave. The motion does not need to be in a numbered paragraph format.

Discovery motions involving non-party witnesses: A party seeking an order compelling discovery compliance from a non-party must attach a certificate of service to the discovery motion describing their simultaneous service of the motion by email, hand delivery, or fax upon the non-party possibly subject to the motion and, in a cover letter, direct the non-party to these Policies on the Court's website and the obligation to timely respond. Non-parties served with motions may respond within three days of service, unless otherwise ordered. A response from a non-party due on a weekend or federal holiday is due by Noon EST on the next succeeding business day.

Deposition conduct: As in trial, we do not permit speaking objections or coaching the witness. Where warranted, Judge Kearney will allow telephone conferences to resolve disputes during depositions where the deposition would otherwise have to be adjourned. Stopping or "walking out" of a deposition is strongly disfavored, and counsel should not do so before seeking direction from Judge Kearney, mindful the parties' time and expense should not be lost due to a discovery dispute experienced counsel in this Court can usually resolve without loss of time or Court direction.

### B. Confidentiality agreements, seal, or protective orders

Judge Kearney will not enter a protective order on confidentiality unless statutorily required or for particularized good cause, but will enforce private confidentiality agreements as a matter of contract law for good cause shown. *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671-73 (3d Cir. 2019). Any party seeking to file documents under seal must present the motion (under Section IV. below) as narrowly as possible, articulate good cause consistent with our Court of Appeals' precedent, and contemporaneously email the documents sought to be sealed to our Chambers.

**IV. Motion practice for non-discovery or non-scheduling issues in all matters.**

    **A. Proposed orders and motions.**

All grounds for relief must be set forth in a single, comprehensive motion, accompanied by a proposed order and memorandum. The proposed order should specifically refer to the motion, docket filing number, and specific basis for requested relief. The motion is limited to five pages of double-spaced twelve-point font and is analogous to a Summary of Argument which also details the requested relief. Parties opposing the motion must attach a proposed order referring to the motion, docket filing number, and specific basis for denying the requested relief.

    **B. Must recite position of all parties absent a stipulation.**

Counsel seeking relief without a stipulation of all parties and other than under Federal Rules of Civil Procedure 12, 37, or 56, including challenging the admissibility of expert or fact evidence, shall provide a meaningful fulsome description of the opposition to the requested relief as part of the Motion. Failure to recite all parties' positions may result in summary denial of the requested relief.

    **C. Briefs/legal memoranda**

Memoranda filed in support of, or in opposition to, a motion is limited to twenty pages of double-spaced twelve-point font. Reply briefs are not required and Judge Kearney may rule before filing of reply briefs if warranted. Reply briefs, without a proposed order, are permitted without our leave if filed and served within seven days of the date a non-moving party files its Opposition, may not exceed ten pages, and must be limited to issues newly raised in the Opposition. Briefs in excess of these page limits and sur-reply briefs are not permitted unless leave is granted upon motion.

    **D. Post-trial motion procedure**

A party seeking to challenge trial and pretrial rulings through a timely post-trial motion must strictly comply with Federal Rules of Civil and Criminal Procedure 59 and 60 and with Local Rule 7.1(e) requiring ordering and paying a deposit for the trial transcript required by the court reporter within fourteen days of filing any post-trial motion unless Judge Kearney excuses this requirement for good cause. Upon showing good cause based on a need for the transcript to brief the post-trial issues, Judge Kearney may allow the movant to file the memorandum in support of post-trial relief within thirty days of the receipt of the transcript.

**V. Additional protocol for Rule 56 motions**

    **A. Separate statements of material facts**

Any motion filed under Fed. R. Civ. P. 56 shall include a separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material facts the moving party contends are undisputed and entitle the movant to judgment as a matter of law. **Only** those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts. Opposition to a motion for summary judgment shall include a separate filing of a statement of material facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record supporting each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

### B.     Memoranda

Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five pages, double-spaced, twelve-point font attached to the Motion.

### C.     Appendix

Upon filing, the movant(s) shall also file a separate appendix of all exhibits or its affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult before filing to prepare a single joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced in the motions and briefs by the Bates number assigned each page. For example, "1a, 2a, 3a, etc." The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, however, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning at the page number where the movant's appendix ended, and shall include a table of contents. Judge Kearney will not consider material not included in the appendix required by this Policy.

Failure of the movant to follow this procedure in all respects may result in the denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in the Court's considering the motion as uncontested.

### D.     **Courtesy copy provided to Chambers.**

The parties shall provide Chambers with one courtesy copy of all Rule 56 submissions by overnight mail or hand delivery to the Clerk's office to the attention of Judge Kearney within one business day of filing. The parties shall provide copies only of the filed document noted with the ECF document number on each page confirming filing of the entire courtesy copy.

## VI. Final pretrial proceedings

### A. Pretrial memoranda

Unless otherwise ordered by Judge Kearney, the parties shall prepare simultaneous pretrial memoranda meeting the requirements of Local Rule of Civil Procedure 16.1(c), and <u>also</u> include:

(1) All stipulations of counsel;

(2) <u>Attached highlighted</u> deposition testimony (including videotaped deposition testimony) of admissions or unavailable witnesses which the party intends to offer during its case-in-chief. The pretrial statement should include citations to the page and line number;

(3) The <u>substance</u> of the testimony of each witness. Identifying a witness as offering testimony on liability and/or damages without specifics is insufficient; and,

(4) A schedule with description of all proffered exhibits.

### B. Motions *in limine*

Judge Kearney expects counsel attempted to resolve objections to exhibits and testimony before the motion *in limine* deadlines, leaving only those objections the parties could not resolve. To the extent there are unresolved evidentiary issues, counsel should anticipate the Scheduling Order will require motions *in limine* be filed after the contemporaneous exchange of pretrial memoranda, with a reply due before the pretrial conference. Counsel seeking to preclude admission of specific exhibits based on evidentiary objections shall provide Chambers two copies of the contested exhibits (by hand delivery to the Clerk of Court if exceeds ten pages or by email if less than ten pages) contemporaneous with moving *in limine* on the challenged exhibits. Hearings or arguments challenging expert witness competency or necessity, upon request, will be scheduled at or before the final pretrial conference. Responses to motions *in limine* do <u>not</u> need to answer each allegation as in state court practice. Oppositions shall be in memoranda form.

Absent an Order, parties may file up to five motions *in limine* grouped by evidentiary review (e.g. hearsay, expert, privilege, competence, etc.)

### C. Final pretrial conference.

Sidebar conferences and objections to evidence which should have been anticipated will be strongly discouraged at trial. Consequently, one of the goals of the final pretrial conference is to resolve <u>all</u> evidentiary issues to avoid delay at trial and to provide counsel with advance notice of evidentiary requirements. Therefore, counsel should expect rulings on outstanding motions at, or

shortly after, the final pretrial conference. In complex cases, counsel should be prepared to discuss presentation of evidence in terms of hours allocated to their case in chief, defense, and rebuttal.

**VII.     Injunctions**

Judge Kearney attempts to hold a prompt conference with counsel seeking and defending requests for temporary restraining orders and preliminary injunctions following an affidavit of service, unless extraordinary imminent harm. Judge Kearney usually handles filed motions for expedited discovery by conference when scheduling the hearing. Judge Kearney expects a party seeking pretrial injunctive relief is prepared to imminently move to a hearing within a month. If not ready for an imminent hearing, the party may seek expedited discovery and Judge Kearney will then set the pretrial injunction hearing.

**VIII.    Class Action settlement best practices.**

Parties seeking or objecting to an order settling a case on a class basis under Fed. R. Civ. P. 23 should fully address their positions on the best practices for implementing the 2018 Amendments to Rule 23, including those described at https://judicialstudies.duke.edu/wp-content/uploads/2018/12/JUDICATURE102-3_ClassActions.pdf with the executive summary: *Guidance on new Rule 23 class action settlement provisions,* 102 JUDICATURE, no. 3, Fall/Winter 2018, at 15-21.

**IX.     Arbitration**

Judge Kearney issues Scheduling Orders in arbitration track cases. Judge Kearney may retain an arbitration case for trial. The parties are expected to complete all discovery and resolve all dispositive motions before the arbitration hearing. Upon demand for trial *de novo* from an arbitration award, Judge Kearney will issue a Scheduling Order setting the date for trial to occur within sixty days of the appeal at the earliest date available to the Court. Neither discovery nor dispositive motions will be allowed after the arbitration hearing absent compelling cause.

**X.      Trial Procedure**

    **A.      Scheduling.**

The date for final pretrial memoranda, trial motions, final pretrial conference and trial will be set in the Order following the initial pretrial conference. Once a case is listed for trial, counsel, parties, and witnesses are attached to start trial on the date ordered. Counsel must advise Chambers of any irreversible personal conflicts arising after the scheduling Order as soon as possible.

    **B.      Courtroom technology.**

Judge Kearney may hold proceedings in a courtroom which is <u>not</u> an electronic courtroom. Counsel may request use of an electronic courtroom no less than two weeks before trial. Absent the assignment of an electronic courtroom, parties are responsible for arranging and providing all electronic technology they wish to have brought in during trial. Any party planning to use such equipment must submit a letter to chambers, as early as possible, but no later than one week before trial, identifying the equipment it will use at trial. Any equipment counsel wishes to have brought in for trial must be set up and tested prior to jury selection. Parties should contact Courtroom Deputy Ulrike Bower (267-299-7688) before trial to arrange a time to set up and test any electronic equipment.

### C. Cases involving out-of-town parties or witnesses.

Judge Kearney schedules the trial of cases involving out-of-town counsel, parties, or witnesses in the same manner as all other cases. Counsel is responsible for the timely scheduling of witnesses to maximize the jury's time.

### D. Jury selection in civil cases.

After Judge Kearney's brief introduction to the general nature of the case and standard disqualification questions, Judge Kearney will conduct *voir dire*, with specific approved follow-up questions from counsel. Judge Kearney will then entertain cause and hardship strikes.

Counsel will then exercise peremptory challenges by alternate strikes, plaintiff first, until each side has stricken three potential jurors or opts not to use any or all of their strikes.

After consultation with counsel based on length of trial, Judge Kearney will typically seat eight jurors in a civil case.

### E. Courtroom protocol.

Parties may examine witnesses from the lectern, from counsel table, or within hearing distance of the ESR operator or court reporter but not within ten feet of the witnesses. Counsel shall seek permission before approaching witnesses, as warranted. In addition, counsel will direct <u>all</u> comments to Judge Kearney or to the witness under examination and not to other counsel or to the jury.

Co-counsel and the parties may not talk to each other or distract the presentation of evidence or argument. Trial counsel shall instruct persons from their offices attending trial in the gallery to not speak in the public courtroom while Judge Kearney or the jury is present as trial counsel should be mindful of waiving privileges or of the effect statements overheard by the public including witnesses, jurors, or members of their families regarding the adversary process may affect the fact-finding process.

Judge Kearney may require counsel to disclose upcoming witnesses at least one day before the anticipated testimony when warranted to ensure efficient presentation of evidence.

### F. Note-taking by jurors.

Judge Kearney may permit jurors to take notes.

### G. Trial briefs.

Parties may submit a trial brief only if requested by Judge Kearney.

### H. Examination of witnesses out of sequence.

Judge Kearney will permit counsel to examine his/her own witnesses out of turn for the convenience of a witness.

### I. Opening statements and summations.

Judge Kearney does not generally impose time limits less than twenty minutes on opening statements or closing arguments. Judge Kearney often waives opening statements and close arguments in a non-jury trial.

### J. Examination of witnesses or argument.

Only one attorney for each side may examine the same witness or address the jury during the opening statement or summation.

Counsel may not confer with a witness once sworn during the balance of their testimony except for logistics as to the courtroom and confirming timing of testimony absent Judge Kearney's approval upon a showing a good cause.

### K. Videotaped testimony.

Videotaped testimony should begin with the witness being sworn. After Judge Kearney rules on any objections, counsel must edit the testimony before offering the videotaped testimony at trial.

### L. Preparing and admitting exhibits.

The parties will prepare a joint exhibit book with all exhibits counsel may use at trial based on the rulings along with a schedule of exhibits. Unless otherwise agreed by the parties, the exhibits will be presented in chronological order with the first document representing the oldest dated document. Counsel should provide a copy for the witness which may be provided to the jury during deliberations if requested. Unless all exhibits are shown electronically, Counsel must deliver two copies of the joint exhibit book for Judge Kearney at *voir dire*. The cost of producing the exhibit book(s) will be equally shared per capita upon all parties, subject to modification if abused.

Motions to admit exhibits will be considered at the close of a party's case-in-chief and not before. As the evidentiary issues were addressed before or during the final pretrial conference, the parties should expect this short motion to be promptly resolved.

Plaintiff's counsel shall, unless excused for good cause, email an electronic copy of all admitted exhibits to our Chambers email address (or provide on a disc) before the jury returns with a verdict. We will not retain hard copies and binders of exhibits and counsel must provide an electronic version of the admitted exhibits before the verdict to ensure we preserve exhibits for post-trial review.

### M. Sidebar or the evidentiary conference.

Counsel must confer privately to resolve any <u>unanticipated</u> evidentiary issues which may arise <u>during</u> trial. If unsuccessful in resolving the issues, counsel should only bring a matter to the Courtroom Deputy's attention at the beginning of the day or during an appropriate break when the jury is not present. All evidentiary conferences in the courtroom are on the record.

### N. Directed verdict motions.

Motions for judgment as a matter of law in jury trials and motions for an involuntary dismissal in non-jury trials must be filed and served.

### O. Proposed jury instructions and verdict forms.

The Scheduling Order will note the date on which the parties shall file proposed jury instructions on <u>substantive</u> issues unique to your matter, along with proposed verdict forms or special interrogatories to the jury.

In submitting proposed points for charge, the parties are directed to the Model Civil Jury Instructions (available at http://www.ca3.uscourts.gov/model-jury-instructions). Where applicable, Judge Kearney will use the Model Instructions to instruct the jury. In submitting points for charge based on the Model Instructions, however, the parties should tailor the proposed instructions to the specific facts of the case.

Proposed jury instructions, separately numbered, shall include a table of contents and be submitted on a separate sheet of paper, double spaced, with accurate quotes from, and pinpoint citations to cases and pattern jury instructions where appropriate. The parties shall also provide the proposed instructions on a CD or thumb drive in Microsoft Word format. All objections to jury instructions shall be filed in one written motion.

### P. Proposed findings of fact and conclusions of law in non-jury cases.

Judge Kearney may require counsel timely file proposed findings of fact and conclusions of law in non-jury cases. Counsel should prepare and pay for prompt transcripts. A schedule for the submission of findings/conclusions will be addressed at the conclusion of trial.

### Q. Unavailability of witness.

If a witness is unavailable at the time of trial, Judge Kearney expects an oral or videotaped deposition to be used at trial for that witness, whether the witness is a party, a non-party, or an expert. The unavailability of such witness will not be a ground to delay the commencement or progress of trial.

### R. Objections.

Judge Kearney does not permit speaking objections. Objections must be made by reciting the appropriate rule number or a one-word basis.

## XI. Jury Deliberations

### A. Written jury instructions

If requested by the jury, Judge Kearney will give the jury a copy of the complete written jury instructions provided to them in the jury charge.

### B. Exhibits in the jury room

After the jury has been instructed and taken to the jury room to begin deliberations, Judge Kearney and counsel will confirm the admissible exhibits from the joint exhibit book(s) to be presented to the jury for its consideration during deliberations if the jury requests.

Judge Kearney will forward requested admitted exhibits to the jury regardless of whether counsel published the exhibits during trial.

### C. Availability of counsel during deliberation

Unless excused by Judge Kearney, trial counsel must remain in the courthouse during jury deliberations with their cell phone. Counsel are expected to return to the courtroom within ten minutes after receiving a call from the Courtroom Deputy.

### D. Taking the verdict and special verdicts

Judge Kearney usually submits interrogatories to the jury after discussion with the parties. The Courtroom Deputy will take the verdict in the presence of the Court, counsel, and the parties.

### E. Polling the jury

If requested by counsel, Judge Kearney will poll the jury.

### F. Interviewing the jury

Judge Kearney will allow counsel to interview jurors but will instruct the jurors they are not required to talk to counsel or any person purporting to represent counsel.

## XII. Judge Kearney's additional procedures in criminal cases.

Incorporating the Policies to the extent applicable in criminal cases including for *pro hac vice* and other motions and trial procedures, Judge Kearney also requires in criminal cases:

### A. Motions practice

All pretrial motions – including motions *in limine* and any motions challenging the indictment, seeking suppression of evidence, or raising any dispositive matters – must be filed in accordance with the deadlines entered in the case. Upon the filing of any motion, the parties shall advise Judge Kearney whether they intend to present testimony in support of or in opposition to the motion and the expected duration of any such testimony so Judge Kearney can schedule a hearing, if necessary. Judge Kearney will generally permit oral argument on substantive motions upon request.

### B. Trial continuances

Any request for a continuance must be filed no later than fourteen (14) days in advance of the scheduled trial date. Requests for a continuance must be filed as a motion stating the reasons for the request. Any such motion must be accompanied by the form of consent to continuance signed by the defendant, as provided by Judge Kearney after receipt of the motion and proposed order which, if approved by Judge Kearney, would grant the relief sought by the motion. The proposed form of order must be consistent with the requirements of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), and must include a proposed finding explaining in reasonable detail why the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

Continuances are strongly discouraged, and, if multiple continuances are sought, counsel may be required to appear in person to argue the matter.

### C. Pretrial conferences

Judge Kearney does not generally hold telephone conferences with counsel in criminal cases, unless counsel specifically requests one or Judge Kearney finds a conference is appropriate. The Courtroom Deputy handles scheduling of criminal matters. If Judge Kearney holds a pretrial conference, any issues related to *voir dire*, motions *in limine*, jury instructions, and jury verdict forms must be submitted at least seven days prior to the pretrial conference.

### D. Voir Dire

In criminal cases, Judge Kearney will conduct the initial *voir dire* regarding hardships, the general suitability of the jurors, etc. Absent specific Order, counsel shall submit and serve proposed *voir dire* questions seven days before jury selection.

### E. Guilty pleas

1. Before a defendant offers a guilty plea, counsel must complete the guilty plea memorandum, guilty plea statement, and acknowledgement of rights and review those documents with the defendant. Counsel must also provide copies of those documents to Judge Kearney.

2. The guilty plea agreement must state whether the plea is a general plea of guilty, a conditional plea, or a plea of *nolo contendere*. The guilty plea agreement also must disclose to the defendant and Judge Kearney whether the plea is entered under Federal Rule of Criminal Procedure 11(c)(1)(A), (B) or (C), relating to the obligation of the United States regarding other charges under subsection (A), a non-binding sentencing recommendation under subsection (B), or a binding sentencing recommendation under subsection (C).

3. The parties seeking approval of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A), (B) or (C) are strongly encouraged to identify a range of months for incarceration and supervised release rather than a specific term of months so as to avoid depriving Judge Kearney of the ability to fairly apply all the section 3553 factors and comply with federal sentencing policy.

4. The United States must submit a guilty plea memorandum at least two days prior to the change of plea hearing. The memorandum shall include the elements of each offense to which the defendant is pleading guilty and legal citations for the elements, the maximum statutory penalties for each offense, the terms of any plea agreement and the factual basis for the plea. The change of plea memorandum shall be provided in Microsoft Word Format by email to Chambers_of_Judge_Kearney@paed.uscourts.gov.

5. If an agreement has been reached to request Judge Kearney set an expedited sentencing, the United States must notify Chambers and the probation office at least two days prior to the change of plea hearing.

### F. Trial memorandum

At least one week prior to the trial date, the United States must file a trial memorandum setting forth the essential elements of the offenses, the facts which it intends to present, the identity of each witness it intends to call, a statement of the substance of each witness' testimony and any legal issues. The defendant is not required to file a trial memorandum but may do so.

### G. Sentencing

1. Sentencing will be scheduled on the day Judge Kearney accepts a defendant's guilty plea or after a defendant is convicted at trial. Sentencing will generally occur approximately one hundred and ten (110) days after a guilty plea or trial. Sentencing will be continued for good cause only.

2. To avoid delay in sentencing, all objections to the Presentence Investigation Report must be sent to the probation officer in advance of sentencing. In no event shall counsel raise objections for the first time in a sentencing memorandum.

3. Counsel must file sentencing motions and supporting memoranda at least seven days prior to the scheduled sentencing date, and any response thereto must be filed at least three days prior to the scheduled sentencing date. The memorandum must set forth any legal authority relied upon by the party. No replies may be filed without leave.

4. Sentencing memoranda (exclusive of motions), by both the United States and the defense must be filed no later than seven days before the scheduled sentencing date, and any response thereto must be filed at least three days prior to the scheduled sentencing date. Counsel shall serve a copy on the United States Probation Office.

5. Counsel shall provide all character letters by email at least three days before sentencing to Chambers_of_Judge_Kearney@paed.uscourts.gov.

6. If a defendant may be responsible for restitution, the United States must submit sufficient information in its sentencing memorandum to enable Judge Kearney to determine entitlement, the name and the address of each victim, the amount of loss for each victim, and documentary support for each amount. If liability for restitution is joint and several, the United States shall itemize the restitution amount for which each defendant may be responsible.

7. Pre-Sentence Investigation Reports and Sentencing Memoranda shall also be promptly delivered to chambers in Microsoft Word Format by email to Chambers_of_Judge_Kearney@paed.uscourts.gov.

*For any civil or criminal litigation issues not addressed above, please consult the Local Rules of Civil and Criminal Procedure for the District Court of the Virgin Islands, available at* **https://www.vid.uscourts.gov/**